PATTERSON, Chief Justice, for the Court:
Johnny William Taylor was convicted in the Circuit Court of Forrest County of aggravated assault and sentenced to twenty years in the Mississippi Department of Corrections. Taylor assigns several errors in the trial court, one of which is dispositive of this appeal. We are of the opinion reversal and remand for a new trial is necessitated by the State’s failure to advise appellant of his constitutional rights prior to custodial interrogation.
At the time of the aggravated assault with which Taylor was later charged, he was an inmate in the Forrest County Regional Law Enforcement Complex. A week or so prior to the incident he had testified in a case (Ruffin) concerning alleged police brutality toward prisoners. On July 18, 1980, Taylor was embroiled in an altercation with Donnie O’Flynn and possibly others which resulted in his being placed in a holding cell within the jail.
Aware of the past accusations of police brutality, the district attorney invited the news director of a local TV station, Bob Ford; the president of the NAACP, Percy' Watson; and the county attorney to the jail so that they might hear and observe Taylor’s tirades concerning police brutality and jail conditions.
Without apprising Taylor of his constitutional rights by the giving of Miranda warnings, a meeting with him was held and videotaped. During the interview, the district attorney and the county attorney questioned Taylor about the altercation with O’Flynn. Taylor’s responses were videotaped and reproduced at trial before the jury. Prior to the trial, Taylor moved to suppress the tape, which was overruled by the trial court.
We think the responses of Taylor to the taped interview were highly prejudicial and should have been suppressed. This necessitates reversal. In Rhode Island v. Innis, 446 U.S. 291, 300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297, 307 (1980), the United States Supreme Court held “the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent.” We are of the opinion this case fits squarely into the area of in-custody express questioning. Moreover, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) demands no less than strict compliance which was not accorded Taylor. Under the dictates of the Miranda and Rhode Island decisions, we must reverse and remand for a new trial.
We caution that disregard for the decisions of the United States Supreme Court can only lead to continued reversals until there is compliance with the Miranda warnings in order to safeguard to the accused his constitutional rights.
REVERSED AND REMANDED FOR A NEW TRIAL.
SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.