435 So.2d 701 (1983)
Johnny William TAYLOR
v.
STATE of Mississippi.
No. 54082.
Supreme Court of Mississippi.
August 3, 1983.
Daniel B. Smith, Hattiesburg, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant, Johnny William Taylor, was indicted in the Circuit Court of Forrest *702 County. The indictment charged him with the crime of aggravated assault upon the person of Donald O'Flynn on July 18, 1980. The indictment was returned by the grand jury in the July 1980 term of circuit court. On July 24, 1980, attorney Robert Taylor was appointed by the court to represent appellant after he was adjudged to be indigent.
Appellant was tried on November 13, 1980, resulting in a jury verdict of "guilty as charged." He was sentenced to a term of twenty years under the jurisdiction of the Department of Corrections. The case was appealed by attorney Robert Taylor and the appeal resulted in a reversal of the case for a new trial because of errors committed in admitting certain evidence.[1]
After reversal, appellant's re-trial was set for March 15, 1982. On February 11, 1982, attorney Taylor filed a motion for leave to withdraw as counsel and filed an amended motion on March 15, 1982, the day of the trial. He alleged in the motion that there was a conflict between him and appellant; that appellant did not cooperate with him; appellant had threatened to kill him and he had refused to cooperate in any way toward preparing for trial. Prior to commencing the trial, the court, in the absence of the jury panel, conducted an extensive examination into the merits of attorney Taylor's motion, including extensive questioning of appellant. The appellant stated that he did not trust attorney Taylor and did not wish him to represent him and would refuse to cooperate with him during the trial. In short, he disapproved of everything that attorney Taylor had done or proposed to do.
The court overruled attorney Taylor's motion to be relieved from representing appellant. A history of the entire proceedings was placed in the record by the court, which found that attorney Taylor performed an adequate representation of appellant at his first trial. The court found that the trial was conducted properly by attorney Taylor, and that attorney Taylor's representation on appeal was conducted properly and successfully. The court overruled the motion and ordered the trial to proceed.
The record is replete with instances of appellant performing actions and otherwise conducting himself in such a manner that he easily could have been found guilty of contempt of court. The trial judge was very patient and explained to appellant all his rights and gave appellant every benefit that could have been given by a trial court.
The state's witnesses testified to the facts of the incident leading to the indictment. According to them, on July 18, 1980, a deputy sheriff and a number of trusties were serving the evening meal. Among the group was one Donald O'Flynn, commonly known as "Donnie O'Flynn." The state's testimony was that when the door to appellant's cell was opened, he jumped out into the hall swinging a heavy object encased in what appeared to be a stocking; he hit O'Flynn in the face with the weapon with great force before being subdued by other trusties. O'Flynn was taken to receive medical treatment which established that he had a broken nose and severe injuries to his face.
The only evidence introduced on behalf of appellant consisted of three inmates at the State Penitentiary at Parchman. These witnesses testified that they were occupants of the cell block where the incident occurred and that they had heard O'Flynn make a prior statement that he had beaten Taylor, the appellant, in a fight. The appellant did not testify.
Appellant's appeal was perfected by attorney Taylor. After the record reached this Court, a motion was filed by attorney Taylor on August 19, 1982, requesting that this Court relieve him from representing appellant on the second appeal. The motion was sustained by the Court and the trial court was directed to conduct an indigency hearing. If the finding of such hearing were to the effect that appellant was still indigent, the court was directed to appoint another attorney to prepare the appellate briefs and process the appeal to conclusion. *703 This was done and attorney Daniel B. Smith was appointed. This attorney filed the required assignments of error and submitted the following:
I. THE TRIAL COURT ERRED IN DENYING MOTION OF COUNSEL FOR LEAVE TO WITHDRAW.
II. THE COURT ERRED IN DENYING DEFENDANT'S INSTRUCTION NO. 1 PERTAINING TO SELF-DEFENSE AS TO THE CHARGE BROUGHT AGAINST HIM.
III. THE COURT ERRED IN DENYING DEFENDANT'S INSTRUCTION NO. 2 PERTAINING TO THE CONSIDERATION OF SIMPLE ASSAULT BY THE JURY.
We first shall dispose of Assignments Number II and III. There is absolutely no mention of these assignments in the appellant's original brief. He obviously decided strategically to rely solely on Assignment Number I. The state in its brief spoke toward the above situation and correctly contended that as these assignments were not pursued in appellant's brief, this Court would not consider them, citing as authority the following cases: Pate v. State, 419 So.2d 1324 (Miss. 1982); Harris v. State, 386 So.2d 393 (Miss. 1980); Ramseur v. State, 368 So.2d 842 (Miss. 1979); and Bickcom v. State, 286 So.2d 823 (Miss. 1973). In his reply brief appellant, through his attorney, made no answer to the state's contention. The second and third assignments of error again were not mentioned. Obviously, we should not consider those two assignments for the foregoing reasons. We, however, have considered the Assignments Number II and III and it is not necessary to discuss them in detail. We merely state that there is no merit to either assignment. The appellant's attorney must have realized this and relied solely on Assignment Number I.
Did the overruling of attorney Taylor's motion to be relieved as trial counsel shortly before the date of the trial constitute reversible error? As hereinbefore stated, a large part of the record is devoted to hearings on this motion shortly before trial, the day of the trial, and again during the trial. The trial judge found that it was to the appellant's best interest that attorney Taylor continue his representation. Attorney Taylor had become completely familiar with the case because he had tried it in the lower court and had handled the appeal to this Court and secured a reversal.
We have held that the trial court has discretion in considering a motion of an attorney to be discharged. Burnett v. State, 285 So.2d 783 (Miss. 1973); Evans v. State, 273 So.2d 495 (Miss. 1973). See also, United States v. Pigford, 461 F.2d 648 (4th Cir.1972); United States v. Dilworth, 524 F.2d 470 (5th Cir.1975). In McKee v. Harris, 649 F.2d 927 (2d Cir.1981), we find the following:
This Court has long recognized that certain restraints must be put on the reassignment of counsel lest the right be "manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." United States v. Bentvena, 319 F.2d 916, 936 (2d Cir.), cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963). Therefore, "[i]n order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Calabro, supra, 467 F.2d [973] at 986 [(2d Cir.1972)]. See: Maynard v. Meachum, supra, 545 F.2d [273] at 278 [(1st Cir. 1976)]; United States v. Gutterman, 147 F.2d 540, 542 (2d Cir.1945). See also R. Chused, Faretta and the Personal Defense: The Role of a Represented Defendant in Trial Tactics, 65 Calif.L.Rev. 636, 645-6 (1977). The question therefore boils down to whether McKee demonstrated good cause for the substitution of assigned counsel. (Emphasis added)
In Shaw v. United States, 403 F.2d 528 (8th Cir.1968), the Court said:
A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results.
*704 In the present case, the record is abundant with evidence that appellant, during the trial resulting in his present conviction, made absurd statements as to why he was not cooperating with attorney Taylor. He refused to talk with attorney Taylor about the case and forced the attorney to prepare for trial as he thought it should be done. His main contention was that attorney Taylor did not subpoena certain witnesses and it is obvious from the record that attorney Taylor correctly was of the opinion that their testimony would not be competent.
If an appellate court is forced to reverse a conviction when the accused suddenly decides to embark on a course of non-cooperation with his attorney, as was done here, even though the attorney had been successful in a prior trial and appeal, absurd results would occur. All an accused would have to do would be to "fall out" with his appointed attorney immediately prior to or at trial and insist on a continuance for another attorney to prepare the case. We hold that the trial judge did not abuse his discretion in overruling attorney Taylor's motion to be discharged. We certainly would not censure attorney Taylor for filing the motion and attempting to get as far away from appellant as he could. As hereinbefore stated, the record is replete with statements and actions of appellant that would lead any attorney not to want to represent him and to contend that he could not do so adequately. Even with this understandable wish on the part of the attorney, the courts cannot permit an accused to take charge of his defense and abuse his constitutional privileges as was done by appellant in this case.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Taylor v. State, 406 So.2d 811 (Miss. 1981).