606 So.2d 598 (1992)
Jack WILSON
v.
STATE of Mississippi.
No. 89-KA-1286.
Supreme Court of Mississippi.
August 19, 1992.
Donald Rafferty, Wittman & Rafferty, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Patricia W. Sproat, Sp. Asst. Atty. Gen., Jackson, for appellee.
*599 Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
PITTMAN, Justice, for the Court:
Jack B. Wilson was convicted of capital rape in the Circuit Court of the First Judicial District of Harrison County, Jerry O. Terry, presiding, and was sentenced to life imprisonment. Wilson, aggrieved by the lower court's decision, appeals assigning several errors of which only one warrants discussion. Finding no reversible error, this Court affirms.

I.
At the time of trial, Jack had been married for approximately ten years to his wife Jane. Jane's son and daughter from a prior marriage were a part of the Wilson household.[1] During their marriage, Jack and Jane had three children of their own.
In 1983, the Wilsons moved to Pasadena, Texas. During this time, Jack started having sexual intercourse with Mary, his eleven-year-old stepdaughter. Jack told Jane about his relationship with her daughter, and Jane did not report him to the authorities.
Approximately four to five months after Jack admitted to having sexual relations with Mary, the Wilsons moved to Gulfport, Mississippi. Jack once again told Jane that he was having sexual relations with Mary, and Jane failed to report him to the authorities.
In March of 1987, Jane walked into her bedroom and found Jack, who was thirty-eight years old at the time, performing oral sex on Mary, who had just turned thirteen years old. Jane slapped Mary, and Mary ran away. The grandmother of Mary's friend took Mary to the family court shelter. Jane was later allowed to pick Mary up and take her home.[2] Mary did not tell anyone at the shelter what Jack had done to her while she was there, but she later told Ms. Stevens, an employee of the welfare department, what happened.
Dennis Froshour, an investigator with the Harrison County Sheriff's Department, was contacted by the welfare department. Froshour interviewed Mary at her school. Froshour was assisted by one of Mary's former teachers.
On March 24, 1987, Froshour arrested Jack. Froshour took Jack to the Criminal Investigations Division, gave him his Miranda rights, and obtained a full confession. Jack was charged with capital rape. Jane was arrested and charged with accessory to capital rape.
Jack was convicted of capital rape and sentenced to life imprisonment. Jack appealed his conviction to this Court.

II.
Wilson contends that the lower court erred in failing to grant his motion for a directed verdict at the end of the State's case, his motion for a directed verdict at the end of all the evidence, and his motion for a judgment notwithstanding the verdict. Wilson claims that there was insufficient evidence of penetration which is an essential element of the State's burden of proof.
To establish the offense of rape, the State must prove that there was "some penetration" of the victim's vagina by the defendant's penis. Davis v. State, 406 So.2d 795, 801 (Miss. 1981); Lang v. State, 230 Miss. 147, 158, 87 So.2d 265, 268 (1956). We have recognized that only "slight penetration" need be shown. Jackson v. State, 452 So.2d 438, 440 (Miss. 1984).
Winters v. State, 473 So.2d 452 (Miss. 1985).
Section 97-3-65 provides in pertinent part:
In all cases where the child is under the age of fourteen (14) years it shall not be necessary to prove penetration of the child's private parts where it is shown the private parts of the child have been *600 lacerated or torn in the attempt to have carnal knowledge of the child.
There was no medical testimony showing that Mary's private parts had been lacerated or torn. Wilson contends that the only proof of penetration came from Mary, and this is where the State's proof is insufficient because Mary stated that she had never seen an erect penis or never seen the defendant's penis when erect.
However, Mary did testify as follows:
Q. How would he mess with you, Mary, here in Harrison County, Mississippi?
A. He was continuing to touch me in my private places and we could continue to have intercourse.
Q. With you?
A. Yes.
... .
Q. [Mr. Teel] Mary, you used the words when it came out. Let's talk about that. You talked about what intercourse means to you. I need to ask you this for the record. Was there ever a time in Harrison County, Mississippi when Mr. Wilson put his penis in your vagina?
... .
A. [Mary] Yes.
According to § 97-3-65(1), proof of penetration is not necessary if there is evidence that the private parts of the child have been lacerated or torn. Absent such evidence, proof of penetration is required. Actual medical evidence of penetration, however, is not necessary as implied by Wilson.
In Lang v. State, 230 Miss. 147, 87 So.2d 265, cert. denied, 352 U.S. 936, 77 S.Ct. 236, 1 L.Ed.2d 167 (1956), the prosecutrix did not specifically state that her private parts were penetrated. This Court held that such direct evidence should be adduced in these types of cases if possible.
She was not asked this direct question, nor did she unequivocally testify to this fact in simple language. However, the object of his presence in her house, expressed in crude, vulgar, and unprintable language, unmistakably signified sexual intercourse....
"It is not indispensable that the penetration be proved by the testimony of the prosecutrix; it may be established by circumstantial evidence." 44 Am.Jur., Rape, Sec. 100, p. 965. Also "In order to sustain a conviction of rape the fact of penetration must be established beyond a reasonable doubt, but it need not be proved in any particular form of words, and circumstantial evidence may suffice." 75 C.J.S., Rape, § 71, p. 547. Thus the proof on penetration was sufficient to take that issue to the jury, and the requested peremptory was properly overruled.
Lang, 230 Miss. at 158-59, 87 So.2d at 268.
In the case at hand, Mary, the prosecutrix did specifically testify that her private parts had been penetrated. Jane also testified that Wilson admitted to having sexual relations with Mary. There was no need for the jury to adduce that penetration occurred as in Lang. The testimony of the prosecutrix as to penetration is sufficient.

III.
The remaining issues raised by Wilson on appeal are devoid of merit and do not warrant discussion. Therefore, the lower court's decision is affirmed on these issues.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Names of all family members, other than the defendant, have been changed to protect the identity of the child victim.
[2] Jane later left Jack and moved in with Jack's brother, a convicted felon.