# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2000-KA-01409-COA

**TROY M. PITTMAN, JR., A/K/A TROY MYRE**

**PITTMAN, JR.**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 04/13/2000 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEREK L. HALL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | COUNT I-SEXUAL BATTERY-30 YEARS; COUNT II-STATUTORY RAPE-LIFE SENTENCE; COUNT IV-STATUTORY RAPE-LIFE SENTENCE; COUNT V-SEXUAL BATTERY-30 YEARS; COUNT VI-SEXUAL BATTERY-30 YEARS WITH ALL SENTENCES TO RUN CONCURRENTLY WITH EACH OTHER IN THE CUSTODY OF THE MDOC. |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND RENDERED IN PART - 06/04/2002 |
| MOTION FOR REHEARING FILED: | 9/16/2002 |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

BEFORE SOUTHWICK, P.J., THOMAS, AND IRVING, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. Troy Pittman, Jr. was convicted of three counts of sexual battery and two counts of statutory rape. On appeal he argues that the evidence of guilt was insufficient. He also asserts that he received ineffective assistance of counsel. We agree that the evidence was not legally sufficient as to the statutory rape counts but reject the rest of his arguments. We affirm in part and reverse and render in part.

## STATEMENT OF FACTS

¶2. Because of the nature of the crime, we do not use the victim's name. Shortly after the birth of their daughter in 1985, Troy Pittman, Jr. and his first wife divorced. He remarried in 1988. Between 1985 and 1990, Pittman had little contact with his daughter. After 1990, Pittman was allowed some visitation. In 1995, Pittman's ten-year old daughter accused him of molestation. An investigation occurred but no charges were filed. Thereafter, Pittman was required to have a person aged fourteen years or older with him at all times when he was with his daughter. Pittman and his first wife would exchange custody of the child at the sheriff's department.

¶3. In mid-July 1998, the now-thirteen year-old girl began a three week-long visit with Pittman and his second wife. Two days after being returned to her mother on August 5, the child complained of a sore throat and was taken to the doctor. Over the next week, the young girl developed flu-like symptoms and complained of pain in her bottom. On August 13, the child was returned to the doctor. The doctor noticed lesions on her perineum and an anal tear. The doctor swabbed the lesions and sent the sample to be tested at a lab.

¶4. On August 14, the girl returned to Pittman's house for weekend visitation. On August 17, the doctor informed the girl's mother that the child had tested positive for herpes simplex II or genital herpes. The mother demanded that the girl tell her who could have given her a sexually transmitted disease. At first reluctant, the child finally informed her mother that Pittman had molested and attempted to have sexual intercourse with her during the three-week visitation and during the immediate past weekend visitation.

¶5. Pittman was charged with three counts of sexual battery and three counts of statutory rape. After a two-day trial, Pittman was convicted on five counts. This is his appeal.

## DISCUSSION

¶6. Pittman argues that the evidence was legally insufficient to sustain a conviction as to any count of the indictment. Because of the nature of the evidence in this case, the discussion is necessarily more graphic than is desirable.

### 1. Motion for judgment notwithstanding the verdict

¶7. Pittman filed a motion for a judgment notwithstanding the verdict. Such a motion tests whether there was sufficient evidence as to each element of the crime to have permitted a jury to find guilt. When examining the sufficiency of the evidence, the credible evidence consistent with conviction is taken as true; that requires making reasonable evidentiary inferences that are favorable to the State. *Milano v. State*, 790 So. 2d 179, 187 (Miss. 2001). Credibility, weight, and other discretionary determinations are for the jury, not for this appellate court. "Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that on the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." *West v. State*, 437 So. 2d 1212, 1214 (Miss. 1983).

¶8. With these ground rules, we look at the evidence on each count.

¶9. Pittman was convicted of three counts of sexual battery. The sexual battery charges were Counts I, V, and VI of the indictment. Pittman's motion for JNOV raised sufficiency of the evidence issues in regard to

all three counts.

### A. Sexual Battery -- Count I

¶10. Count I of the indictment charged Pittman as follows:

> On or about the 27th day of July, A.D. 1998, [Troy Myre Pittman, Jr.] did willfully, unlawfully and feloniously engage in sexual penetration as defined in Section 97-3-97 . . ., to wit: digital penetration of her vagina, with [the named child], a child under the age of 18 over whom the defendant occupied a position of trust or authority, to-wit: the child's father, in violation of . . . Section 97-3-95(2).

That the victim was under eighteen and that Pittman was in a position of trust as the girl's father were clearly proven. The only contested element here is whether there was digital penetration of the vagina. "Sexual penetration" is defined in part as "any penetration of the genital or anal openings of another person's body . . . ." Miss. Code Ann. § 97-3-97 (a) (Rev. 2000).

¶11. The girl testified that on the date stated in this count, July 27th, Pittman while alone with her "started moving closer to me and then first he started to just rub his hand up and down my leg, and then he started to finger me, and then his wife pulled up and he stopped." The prosecutor asked the girl to clarify what she meant by the phrase "finger me." She responded that Pittman "put his finger in my private parts." Later, she said that by "private parts" she meant her vagina.

¶12. In his argument, Pittman points to his testimony denying the act and also emphasizes that there was no corroboration. Even so, "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." *Goodnite v. State*, 799 So. 2d 64, 66-67 (Miss. 2001). It is for the jury to decide whose testimony is credible and whose is not.

¶13. Taking the evidence in the light most favorable to the verdict, we cannot say that a reasonable and fair-minded juror could not have found Pittman guilty of Count I.

### B. Sexual Battery -- Count V

¶14. Count V charged Pittman with the same crime as did Count I but alleged that act took place on August 14, 1998. Again the argument focuses on whether there was evidence of penetration. When the child was asked what happened on August 14, she replied only that Pittman "came over there and fingered me." Pittman argues that this statement is not enough to prove penetration because there was no testimony as to the girl's "internal definition" of the term "fingered."

¶15. We have already discussed this in reference to Count I. Pittman's argument in effect is that the witness had to on each count restate her definition of this phrase. We hold that it is not necessary for her to explain each time that she used the word. Absent a contrary indication, she still must have been using the phrase in the same way as for her earlier testimony.

¶16. The evidence as to Count V was legally sufficient to sustain a conviction.

### C. Sexual Battery- Count VI

¶17. Count VI charged Pittman with another act of sexual battery. A new date was charged, and the sexual penetration charged was through the act of "(cunnilingus) oral sex. . . . " The victim testified that on this occasion Pittman "began to finger me and then he took my clothes off and he put his mouth down on my private parts . . . ." The prosecutor asked her, "when you say that he put his mouth on your private parts, did he put his tongue on your vagina?" She replied, "Yes, sir."

¶18. What is necessary to commit sexual battery in this way has been addressed by the Supreme Court. "[P]roof of contact, skin to skin, between a person's mouth, lips, or tongue and the genital opening of a woman's body, whether by kissing, licking, or sucking, is sufficient proof of 'sexual penetration' through the act of 'cunnilingus.'" *Johnson v. State*, 626 So. 2d 631, 633-34 (Miss. 1993). Though there are other definitions such as contrary ones cited to us by Pittman in his brief, the definition from *Johnson* controls. The evidence was sufficient to prove that element.

### D. Statutory Rape-- Count II

¶19. Pittman challenges the legal sufficiency of the evidence as to both of his statutory rape convictions in much the same manner as he did for sexual battery. Pittman again challenges whether the State presented sufficient evidence on the issue of penetration. Pittman was indicted in Counts II, III, and IV for statutory rape. As Pittman was found not guilty on County III we will not address whether or not the evidence was legally sufficient.

¶20. Pittman was charged with the crime of statutory rape. The specific statute named in the indictment defines "statutory rape" as occurring whenever a "person of any age has sexual intercourse with a child who: (i) is under the age of fourteen (14) years; (ii) is twenty-four (24) months younger than the person; and (iii) is not the person's spouse." Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2000). "Sexual intercourse" is defined as "a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female." Miss. Code Ann. § 97-3-65(5) (Rev. 2000).

¶21. Some of the elements are all but uncontested. The child was under the age of fourteen, and Pittman was more than two years older. The remaining element clearly demanded by the statute, and as we will point out what was not shown by the evidence, is that there be an actual insertion of the male sexual organ into the victim's vagina. Other sexual crimes may be occurring, but the rape statute requires the act just described.

¶22. The acts described in Count II occurred on July 30, 1998. The child testified that Pittman "started to finger me and then he pulled off my shorts and he rubbed his penis up and down me." The prosecutor asked the girl whether Pittman "put his penis on [her] vagina," and she replied that Pittman did so. When asked to explain what she meant by saying that Pittman "rubbed it up and down," the witness responded that Pittman "never would stick it in, he'd just rub up and down me." She also testified that Pittman ejaculated on her.

¶23. Thus there is no evidence that Pittman inserted his penis into his daughter's vagina on that date as charged in the indictment. He was committing a crime, but it was not statutory rape.

¶24. During jury deliberations, it became obvious that the jury was having difficulty with reconciling the definition of statutory rape with the testimony that they heard. The jury sent a note to the judge which asked whether the jury should consider "rubbing of the penis on the vagina [and] ejaculating" to be sexual intercourse. The judge wrote the jury that they had the legal definition and that he could not elaborate.

Later, the jury sent another note stating that they were deadlocked on two of the statutory rape counts because of the "penetration" issue.

¶25. The State argues first that it was only required to prove that there "was some penetration of the victim's vagina by the defendant's penis." *See Wilson v. State*, 606 So. 2d 598, 599 (Miss. 1992). That is true, but the girl stated that Pittman made no attempt to penetrate her with his penis.

¶26. A central problem may have been that the jury quite understandably could not recall what evidence applied to which count. The one statutory rape count in which there was definite evidence of penetration, Count III, resulted in a not guilty verdict from the jury. As to that count, the child testified that Pittman "took my clothes off, and he'd rub his penis up and down me, and that time he tried to stick it in me, but I wouldn't let him and he'd say that I -- that I have the head in and I'd just keep on fighting because it hurt so bad." When asked again what Pittman stated about the "head" during this encounter, the girl testified that Pittman said that "he nearly had it in, he had it in." Here, there was testimony that Pittman penetrated the girl, but this testimony went solely to Count III of the indictment. On that Pittman was acquitted.

¶27. Another note sent to the judge by the jury requested that someone read to them the child's testimony regarding the dates of the various events. The jurors were told that the testimony had not yet been transcribed and that they must rely on their memories. A later note indicated that the jury was deadlocked on Count II and III of the indictment, both statutory rape counts, but had already found Pittman guilty of Count IV, the third statutory rape count. It might be that the jury believed the girl's testimony as to Count III actually applied to Count IV.

¶28. This case is a troubling example of practical problems created by multiple count indictments based on events very similar in nature but occurring on different dates.

¶29. Alternatively, the State argues that it was not required to prove penetration. In cases of statutory rape in which the victim is under sixteen years old, "it shall not be necessary to prove penetration where it is shown the genitals, anus or perineum of the child shall have been lacerated or torn in an attempt to have sexual intercourse with the child." Miss. Code Ann. § 97-3-65(4) (Rev. 2000). The premise of that provision appears to be that a vigorous effort to commit the crime may have occurred, but because of the stage of the victim's physical development the crime could not be completed despite the perpetrator's worst intentions. There was some testimony from both the victim and a physician at trial that the girl had suffered from an anal tear. The child testified that she thought this tear occurred because she was constipated, a response elicited after being asked why she went to the doctor for strep throat. The jury did not receive an instruction that penetration need not be proved if it was shown that the genitals, anus or perineum was torn.

¶30. In any event, it was not demonstrated that the tear was received in an attempt to have intercourse. Indeed, as to this count the victim testified that Pittman had not tried to penetrate her.

¶31. We must reverse Pittman's conviction for statutory rape as to Count II. That then takes us to whether we should enter judgment for a lesser-included offense. Since Pittman was charged with the elements of statutory rape, he was on notice of the need to defend on each element. Perhaps because of juror confusion over the different counts, Pittman was found guilty of having sexually penetrated the victim even though there was no evidence of that. However, there was ample evidence of the remaining elements of the offense -- that the victim was under fourteen, the perpetrator more than two years older, and that sexual contact less than penetration had occurred.

¶32. The Supreme Court recently examined whether there are lesser-included offenses to statutory rape and concluded that there might not be. "The lustful touching of a child under fourteen is not necessarily a lesser *included* offense of statutory rape. Lustful touching is, however, a lesser related offense." *Richardson v. State*, 767 So. 2d 195, 200 (Miss. 2000). The elements of a lesser, non-included offense are not all contained in the greater. Therefore, such an offense is not automatically charged in an indictment charging the greater. Miss. Code Ann. § 99-19-5 (Rev. 2000). When a defendant requests a lesser non-included offense instruction, the absence of an indictment on that offense is waived. *Griffin v. State*, 533 So. 2d 444, 448 n. 2 (Miss. 1988).

¶33. Since we find no clear lesser-included offense to statutory rape, and Pittman did not request a lesser non-included offense instruction, we reverse and render due to the absence of evidence on one of the elements in the count. *Shields v. State*, 722 So. 2d 584, 585-86 (Miss. 1998).

### E. Statutory Rape-- Count IV

¶34. Count IV of the indictment also charged Pittman with statutory rape, differing from Count II only in the date of the occurrence. This rape was said to have been committed on August 4, 1998.

¶35. The child was asked to provide details of the act. She stated that Pittman "started to finger me, and then he took my clothes off and rubbed his penis up and down me again." The prosecutor specifically asked the witness whether Pittman inserted his finger into her vagina to which she replied that he had. The prosecutor never asked whether Pittman inserted his penis into her vagina.

¶36. This testimony would support a conviction for sexual battery. However, the evidence would not support a conviction for statutory rape because what she described for this particular date does not fit the statutory definition of "sexual intercourse." Therefore, we reverse and render Pittman's conviction as to Count IV.

### 2. Ineffective Assistance of Counsel

¶37. Pittman argues that he should be granted a new trial because his original trial counsel was ineffective. Pittman raises this issue for the first time here.

¶38. There are rare occasions in which a Mississippi appellate court considers a claim of ineffective assistance of counsel even when it is made in the direct appeal from the conviction. *E.g., Swington v. State*, 742 So. 2d 1106, 1114 (Miss. 1999). The reason that it is not normally permitted is that there is insufficient evidence in the record of the trial and related matters to evaluate the claim.

> In recognition of this fact [that the record may be inadequate], the Mississippi Supreme Court has said that, when an ineffective assistance of counsel claim of this nature is raised on direct appeal, the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post- conviction relief proceeding. *Read v. State*, 430 So. 2d 832, 837 (Miss.1983).

*Willis v. State*, 811 So. 2d 450, 454 (¶8) (Miss. Ct. App. 2001).

¶39. We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings

of fact of the trial judge." *Colenburg v. State,* 735 So. 2d 1099, 1101 (Miss. Ct. App. 1999). If the issue is not examined because of the state of the record, and assuming the conviction is affirmed, the defendant may raise the ineffective assistance of counsel issue in post-conviction relief proceedings. *Read*, 430 So. 2d at 841.

¶40. We now turn to Pittman's allegations. He finds that his counsel provided ineffective assistance in these ways: (1) trial counsel withdrew a motion to introduce evidence of false accusations allegedly made by the child victim against three individuals, including Pittman, (2) trial counsel failed to file a motion to suppress evidence that both the child and Pittman tested positive for genital herpes, (3) trial counsel elicited testimony concerning a DUI charge filed against Pittman previously suppressed by the circuit court, (4) trial counsel failed to file a motion to suppress past allegations by the child that Pittman had fondled her, (5) trial counsel allowed leading questions, (6) trial counsel did not cross examine two witnesses, and (7) trial counsel allowed the introduction of the results of a medical test by someone other than the person conducting the test.

¶41. "[B]efore counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by counsel's mistakes." *Sanders v. State*, 801 So. 2d 694, 702 (Miss. 2001). There is a presumption that defense counsel is competent, that defense counsel's decisions are strategic, and that "counsel's performance falls within the range of reasonable professional assistance . . . ." The presumption may be rebutted if the defendant can demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

¶42. We find that the allegations for which some means for evaluation appear in the record fall within the general presumptions just outlined. For the others, there is not enough to consider in this record. For example, prior to trial Pittman's counsel filed a motion regarding his desire to introduce evidence of allegedly false allegations earlier made by this victim against other people. *See* M.R.E. 412(b)(2)(C). At a pre-trial hearing, Pittman's counsel stated that he would not pursue the matter. The prosecutor informed the court that he and defense counsel discussed the motion prior to the hearing and that the counsel "has stated that they will abandon the matter." Pittman's counsel confirmed that. There is no indication in the record as to why defense counsel abandoned this motion. We have no way of knowing on this appeal whether the evidence actually existed and whether it would have created an issue of false allegations.

¶43. There is no reason in this case to ignore the general rule that charges of ineffective assistance of counsel are better considered in post-conviction relief proceedings.

¶44. **THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTIONS OF COUNT I SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS; COUNT V SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS, AND COUNT VI SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE JUDGMENT OF CONVICTIONS IN COUNTS II AND IV ARE REVERSED AND RENDERED AND PITTMAN IS ACQUITTED AS TO THESE COUNTS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.**

> **McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER CONCUR. BRANTLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN**

**OPINION.**