KING, P.J.,
for the Court:
¶ 1. Louis McDaniel (McDaniel) was convicted in the Copiah County Circuit Court of the capital rape of a female child under the age of eighteen years. When the jury was unable to agree on a sentence, the court sentenced McDaniel to fifteen years in the custody of the Mississippi Department of Corrections, to run consecutively to any other sentence imposed. McDaniel has appealed and raised the following issues:
I. Whether the trial court erred in allowing testimony of the victim and a licensed social worker?
II. Whether the verdict was against the overwhelming weight of the evidence?
FACTS
¶ 2. McDaniel was tried and convicted of the capital rape of Jane Smith [1], who was eleven when this event occurred. McDaniel did not testify, nor did he call anyone to testify on his behalf.
¶ 3. The State offered the testimony of four witnesses. Among those four were Jane and Mary Magee, a social worker with the State Department of Human Services. After some prodding, Jane testified that McDaniel had required that she remove her clothing and then inserted his penis into her vagina. Jane testified that this occurred at least two times when she was alone with McDaniel. Ms. Magee testified that her duties as a social worker included the investigation of sexual abuse cases, and that in that capacity, she had investigated a case involving Jane. The State inquired if in the course of that investigation, Jane had accused any particular individual. The trial court sustained a hearsay objection to this question, and the question was not pursued.
¶ 4. At the conclusion of the State’s case, McDaniel moved for a directed verdict because there was no testimony of any tearing or laceration of the victim’s private parts.
ISSUES AND ANALYSIS
I.
Whether the trial court erred in allowing testimony of the victim and a licensed social worker?
¶ 5. In this first assignment of error, McDaniel suggests that the trial judge should have sustained his objection to the testimony of the victim and that of the social worker. However, the argument set forth in his brief does not address the testimony of the victim. Where an appellant fails to address an assignment of error in his brief, that assignment is taken as abandoned. Taylor v. State, 435 So.2d 701, 703 (Miss.1983). This Court therefore notes that McDaniel has abandoned any objection to Jane’s testimony.
¶ 6. McDaniel addresses his hearsay objection to the testimony of Mary *246 Magee. This objection was properly made in the trial court and sustained by the trial judge. The State thereafter abandoned any efforts to pursue the objectionable testimony. McDaniel now argues that the State accomplished by inference that which it was prohibited from doing directly. Specifically, McDaniel asserts that the State’s question allowed the jury to infer (1) the fact that Ms. Magee investigated claims of sexual abuse, (2) the fact that Ms. Magee had investigated a case regarding Jane, (3) that Jane had accused someone of sexual abuse, and (4) that the abuser was the defendant, McDaniel. McDaniel alleges that the State, accordingly, violated evidentiary rules.
¶ 7. The relevant Mississippi Rules of Evidence are 802, which generally prohibits the use of hearsay evidence, and 803 and 804, which set forth exceptions to the hearsay rule.
¶ 8. As noted, the trial court sustained McDaniel’s hearsay objection. But in addition, the trial court instructed the jury to not draw any inferences from evidence to which an objection had been lodged, stating:
The production of evidence in court is governed by rules of law. From time to time during the trial, it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourself with the reasons for the court’s rulings since they are controlled and governed by rules of law. You should not infer from any rulings of the Court on any motions or objections to the evidence that the Court has any opinion on the merits favoring one side or the other. You should not speculate as to possible answers to questions which the Court did not require to be answered. You should not draw any inference from the content of those questions. You are to disregard all evidence which was excluded by the Court from consideration during the trial.
¶ 9. Having reviewed the information contained in the record, this Court finds that no violation regarding hearsay evidence occurred and the lower court properly handled the matter. Therefore, there is no merit in this assignment of error.
II.
Whether the verdict was against the overwhelming weight of the evidence?
¶ 10. In his second assignment of error, McDaniel suggests that the evidence is insufficient, as a matter of law, because there was no testimony of any tearing or laceration of Jane’s vagina. He contends that such testimony is required pursuant to Wilson v. State, 606 So.2d 598 (Miss. 1992). McDaniel is mistaken.
¶ 11. Mississippi Code Annotated Section 97 — 3—65(l)(b)(4) (Rev.2000), speaks to this issue stating:
(1) The crime of statutory rape is committed when:
(b) A person of any age has sexual intercourse with a child who:
(i) Is under the age of fourteen (14) years;
(ii) Is twenty-four (24) or more months younger than the person; and
(iii) Is not the person’s spouse.
(4) In all cases where a victim is under the age of sixteen (16) years, it shall not be necessary to prove penetration where it is shown the genitals, anus or perineum of the child have been lacerated or torn in the attempt to have sexual intercourse with the child.
¶ 12. There is no requirement that the State prove tearing or laceration of the *247 victim’s private parts. However, when the victim is less than sixteen years of age, proof of tearing is an acceptable substitute for proof of penetration.
¶ 13. To establish the offense of rape, the State must prove that there was “some penetration” of the victim’s vagina by the defendant’s penis. Wilson v. State, 606 So.2d 598, 599 (Miss.1992); Davis v. State, 406 So.2d 795, 801 (Miss.1981); Lang v. State, 230 Miss. 147, 158, 87 So.2d 265, 268 (1956). We have recognized that only “slight penetration” need be shown. Jackson v. State, 452 So.2d 438, 440 (Miss. 1984).
¶ 14. To prove penetration in the present case, the State allowed Jane to testify to actual penetration. Jane identified McDaniel in the courtroom and testified that McDaniel did in fact put his penis inside of her, Therefore, there was no need for further medical testimony to establish that the child had been lacerated or torn in her genital area.
¶ 15. The weight of the evidence is tested in a light most favorable to the State, with all credible evidence consistent with guilt accepted as true and every favorable inference given to the prosecution; reversal may be had only where reasonable and fair-minded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989). The trial court did not abuse its discretion in refusing to grant a new trial. Based on the evidence presented, reasonable and fair minded jurors could have found McDaniel guilty.
¶ 16. Having reviewed the information in the record, this Court affirms the ruling made by the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF CAPITAL RAPE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.

. The minor victim will be referred to as Jane Smith.