816 So.2d 457 (2002)
Lonnie BANKS a/k/a Lonnie Smith, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01257-COA.
Court of Appeals of Mississippi.
May 7, 2002.
*458 Rebecca G. Taylor, Jackson, attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
KING, P.J., for the court.
¶ 1. Lonnie Banks appeals his armed robbery conviction in the Lincoln County Circuit Court. Banks alleges that (1) the trial court failed to make an on-the-record determination as to whether he knowingly and intelligently waived assistance of counsel; (2) the trial court erred by failing to suppress the victim's identification; and (3) the jury verdict was against the weight of the evidence.[1]

FACTS
¶ 2. On January 11, 1999, around 6:30 p.m., Mrs. Angela Franklin was robbed of her purse in the parking lot of a Piggly-Wiggly store in Brookhaven, Mississippi. Officer Bateman Stillman of the Brookhaven Police Department arrived on the scene fives minutes after Mrs. Franklin called from inside the Piggly-Wiggly store. Her assailant, who used a knife, was described as a tall black man with stringy hair, wearing a jacket and knit cap. Mrs. Franklin told Officer Stillman the direction in which the assailant fled.
¶ 3. Officer Stillman patrolled the general area in which the robber fled. He observed a black male with a jacket bundled up next to him, standing outside the Crane's grocery store/bus terminal. Officer Stillman questioned the store clerk about the man standing outside. The clerk informed him that the man was waiting on the bus but only had been standing outside for a few minutes.
¶ 4. Officer Stillman questioned the man, who identified himself initially as Lonnie Smith (Banks). Officer Stillman asked how long had Banks been waiting for the bus. Banks responded that he had been waiting not long. Officer Stillman asked Banks whether the black jacket belonged to him. Banks responded that it did. As Banks turned away, Officer Stillman noticed a knife in his back pocket. Officer Stillman placed Banks under arrest, searched him and found two knives. While placing Banks under arrest, Officer Stillman noticed a purse only a few feet from where Banks stood. Officer Stillman took possession of the purse, black jacket, and knives. He then transported Banks back to the Piggly-Wiggly parking lot.
¶ 5. There Mrs. Franklin was asked if she could identify Banks. Mrs. Franklin identified Banks as the man who had used a knife to steal her purse.
¶ 6. There were several pre-trial motions made by Banks's counsel to suppress Mrs. Franklin's "show-up" identification of Banks on the day of the robbery as being unduly suggestive. Banks made a request for a photo-identification or police lineup. The trial court denied the request for a *459 lineup and the motion to suppress the "show-up" identification.
¶ 7. Banks chose to represent himself. The court did provide counsel, Lesa Baker, to assist in an advisory capacity.

I.

Did the trial court err by allowing Banks to waive his right to counsel without first determining that such a waiver was knowingly and intelligently made?
¶ 8. In his first assignment of error, Banks argues that the trial court failed to properly make an on-the-record determination that he knowingly and voluntarily waived his right to the assistance of counsel, pursuant to Rule 8.05 of the Mississippi Uniform Rules of Circuit and County Court Practice. The State asserts that the trial judge was in substantial compliance with Rule 8.05, and there is accordingly no error.
¶ 9. Rule 8.05 of the Mississippi Uniform Rules of Circuit and County Court Practice sets forth a detailed procedure, by which the trial court is to ascertain whether a criminal defendant has knowingly and intelligently waived his right to assistance of counsel. That rule provides:
When the court learns that a defendant desires to act as his/her own attorney, the court shall on the record conduct an examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney. The court shall inform the defendant that:
1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense.
2. The defendant has the right to conduct the defense and that the defendant may elect to conduct the defense and allow whatever role (s)he desires to his/ her attorney.
3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that without legal advice his/her ability to defend himself/herself will be hampered.
4. The right to proceed pro se usually increases the likelihood of a trial outcome unfavorable to the defendant.
5. Other matters as the court deems appropriate.
After instructing the defendant and ascertaining that the defendant understands these matters, the court will ascertain if the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine if the defendant has exercised this right knowingly and voluntarily, and, if so, make the finding a matter of record. The court may appoint an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney, but all disputes between the defendant and such attorney shall be resolved in favor of the defendant.
URCCC 8.05.
¶ 10. The only evidence of any effort by the trial court to comply with 8.05 is as follows:
(Pre-trial proceedings)
BY MR. RUSHING: Judge, why don't you ask him if he still does not want a lawyer.

*460 BY THE COURT: You don't want a lawyer, Mr. Smith?
BY THE DEFENDANT SMITH: No, sir.
BY THE COURT: All right.
(The day of the trial)
BY THE COURT: All right. You will be referred to as Mr. Banks for the remainder of the case. Now, Mr. Banks, we discussed some things this morning earlier about your representing yourself, that you had declined legal representation. Mrs. Baker, the public defender is here with you, and I believe she has counseled with you prior today, has she not?
BY THE DEFENDANT: Yes, sir.
¶ 11. The foregoing passages represent the total recorded evidence of the trial court's effort to comply with Rule 8.05. The supreme court of this state has held that the waiver of counsel, when charged with a felony, requires an on-the-record determination that (1) the waiver was intelligently and competently made, and (2) a determination of the facts upon which that determination is made. Conn v. State, 251 Miss. 488, 170 So.2d 20, 23 (1964). It is against this background that Rule 8.05 was adopted.
¶ 12. There can be no question but that the trial court failed to comply with Rule 8.05. However, this Court must now resolve the question of whether noncompliance under these facts is fatal, requiring a reversal and remand of Banks's conviction. The answer to that question is no.
¶ 13. Under these facts that failure is harmless error. The record reflects that Banks stated a desire to represent himself and was given counsel to assist in an advisory capacity. He points to nothing which would have resulted in a different verdict had counsel acted as an advocate rather than a mere advisor.

II.

Did the trial court err in failing to suppress the victim's identification of Mr. Banks?
¶ 14. Banks charges that a pre-trial identification by Mrs. Franklin was unduly suggestive. Banks alleges that the "show-up" identification by Mrs. Franklin in the Piggly-Wiggly parking lot should have been suppressed because it tainted her in-court identification.
¶ 15. This Court looks at five factors to determine whether a pre-trial identification was impermissibly tainted, pursuant to Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); and Gray, 728 So.2d 36 (¶ 161) (Miss.1998):
1) Opportunity of the witness to view the accused at the time of the crime;
2) The degree of attention exhibited by the witness;
3) The accuracy of the witness' prior description of the criminal;
4) The level of certainty exhibited by the witness at the confrontation;
5) The length of the time between the crime and the confrontation.
¶ 16. In applying these five factors to the present case, this Court notes the following: 1) Mrs. Franklin had the opportunity to view Banks when she stood face to face with him, as he demanded her purse; 2) Within five minutes after the robbery, Mrs. Franklin described to Officer Stillman the robber's physical appearance, including his clothing, hair, and weapon; 3) Within minutes, Officer Stillman arrested a person with the same physical appearance, clothing, hair, and weapon; and 4) Within fifteen minutes of the robbery, Officer Stillman brought Banks back to Piggly *461 Wiggly, where Mrs. Franklin positively identified Banks as the person who robbed her.
¶ 17. The trial court found, and this Court agrees, that there were sufficient indices of reliability to not warrant a suppression of the identification.

III.

Whether the jury verdict was against the overwhelming weight of the evidence.
¶ 18. Banks claims that the jury verdict was against the overwhelming weight of the evidence. Banks argues that the victim's in-court identification was suspect and the only direct evidence linking him to the robbery.
¶ 19. When reviewing a claim that a jury verdict was against the overwhelming weight of the evidence, this Court "must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." McDaniel v. State, 790 So.2d 244(¶ 15) (Miss.Ct.App.2001). This Court will not reverse a jury verdict absent evidence that a reasonable juror simply could not have found the defendant guilty. Savage v. State, 764 So.2d 445(¶ 6) (Miss.Ct. App.2000). The record contains sufficient credible evidence upon which the jury could have found Banks guilty. This Court is therefore obligated to accept the jury verdict, unless to do so would result in an unconscionable injustice. Rushing v. State, 753 So.2d 1136(¶ 32) (Miss.Ct.App. 2000). This Court does not find that upholding this verdict would sanction an unconscionable injustice.
¶ 20. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY-EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST THREE YEARS TO BE SERVED ON POST RELEASE SUPERVISION AND FINE OF $10,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LINCOLN COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] In his reply brief, Banks alleges an additional error, ineffective assistance of counsel. Nevertheless, this Court must dismiss this issue as not properly before the court. Under Sanders v. State, a Mississippi appellate court "will not consider issues raised for the first time in an appellant's reply brief." Sanders v. State, 678 So.2d 663, 669 (Miss.1996).