# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-01135-SCT

*SAMUEL LEE MILEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2005 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | MARK DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/10/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., WALLER, P.J., AND DICKINSON, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A jury in the Circuit Court of Scott County, Mississippi, convicted seventy-six-year-old Samuel Lee Miley of the statutory rape of his girlfriend's fifteen-year-old daughter pursuant to Miss. Code Ann. § 97-3-65(1)(a) (Rev. 2000). Miley was sentenced to five years in the custody of the Mississippi Department of Corrections. Miley appealed the circuit court's judgment after the circuit court denied his motions for a directed verdict and for a new trial or judgment notwithstanding the verdict, and his request for a peremptory instruction. We affirm the circuit court's judgment.

# FACTS

¶2. Miley lived with his girlfriend who had a fifteen-year-old daughter, K.S. On a Monday holiday (Martin Luther King, Jr., Day) in 2004, Miley was at home alone with K.S., who was home from school. Miley's girlfriend was at work. According to K.S.'s testimony at trial, she and Miley were sitting on the couch together when Miley stated, "You don't take care of me." Miley then immediately instructed her to don a white tee shirt. K.S. testified at trial that she knew from past experience that Miley meant for her to take off all of her clothing, wear nothing but the white tee shirt, and have sex with him.

¶3. On the day in question, Miley used a particular brand of lubrication. K.S. told no one of the incident until Thursday of that same week, when she heard the issue of rape being discussed on a talk show. She then told her aunt and cousin what had happened. The minor later apprised her mother of the incident, and the mother believed her daughter because the brand of lubrication she mentioned was exactly the brand Miley used in his regular sexual encounters with the mother. The next day, Friday, the Department of Human Services took custody of the victim.

¶4. K.S. testified that Miley was the sole disciplinarian in the house and would punish her regularly, including prohibiting visits to her grandmother for a year when she once misbehaved in school.

¶5. Miley did not testify at trial and did not call witnesses to his defense. No medical evidence of intercourse was offered.

¶6. Once the State rested, Miley moved for a directed verdict. The circuit court denied the motion and Miley's request for a peremptory instruction. The jury found Miley guilty

2

of statutory rape, and he was sentenced to five years in the custody of the Mississippi Department of Corrections. Miley then moved for a new trial or J.N.O.V. After the circuit court denied this motion, Miley appealed.

**DISCUSSION**

**I. WHETHER THE CIRCUIT COURT ERRED BY DENYING MILEY'S MOTION FOR A DIRECTED VERDICT, MOTION FOR A NEW TRIAL/J.N.O.V. OR THE REQUEST FOR A PEREMPTORY INSTRUCTION.**

*Sufficiency of the Evidence*

¶7. In considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction. However, this inquiry does not require a reviewing court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. ***Bush v. State***, 895 So. 2d 836, 843 (Miss. 2005) (citing ***Jackson v. Virginia***, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Should the facts and inferences considered in a challenge to the sufficiency of the evidence "point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty," the

3

proper remedy is for the appellate court to reverse and render. ***Bush***, 895 So. 2d at 843 (quoting ***Edwards v. State***, 469 So. 2d 68, 70 (Miss. 1985)). However, if a review of the evidence reveals that it is of such quality and weight that, "having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient. ***Bush***, 895 So. 2d at 843 (quoting ***Edwards***, 469 So. 2d at 70).

¶8.     Under Miss. Code Ann. § 97-3-65 (1)(a) (Rev. 2000), the following elements must be proven beyond a reasonable doubt: (1) the alleged victim must be at least fourteen at the time of the rape but under sixteen years of age; (2) the accused must be at least seventeen years of age and more than thirty-six months older than the victim; (3) the victim must not be the accused's spouse; and (4) the two must have engaged in sexual intercourse (meaning "the penis of the male is inserted into the vagina of the female"). Here, the only element under dispute is the "sexual intercourse" element.

¶9.     Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Miley of statutory rape. K.S. testified that she was alone in the house with Miley, that Miley was sitting near her on the couch and stated, "You don't take care of me." Immediately after this statement, Miley told K.S. to put on a white tee shirt. It is undisputed that she also took off everything else and wore nothing but the white tee shirt. The victim testified that Miley's penis did penetrate her vagina, and she gave explicit detail of the incident (including testifying as to the approximate length of time

4

engaged in intercourse and the approximate height above the floor at which her calves were positioned as they dangled from the bed on which she lay).

¶10.　Miley argues that since K.S. is the only eyewitness to the alleged penetration, and since the victim was not fond of Miley's disciplining methods and admitted that she had no affinity for Miley, her testimony as to sexual intercourse was suspect and therefore insufficient for conviction.　However, the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence.　*Collier v. State*, 711 So. 2d 458, 462 (Miss. 1998) (citing *Christian v. State*, 456 So. 2d 729, 734 (Miss. 1984)); *Inman v. State*, 515 So. 2d 1150, 1152 (Miss. 1987); *Doby v. State*, 532 So. 2d 584, 591 (Miss. 1988); *Ragland v. State*, 403 So. 2d 146, 147 (Miss. 1981).　*See also Williams v. State*, 512 So. 2d 666 (Miss. 1987) (where nudity, in the totality of the circumstances, was an indicator of rape despite the victim's inability to communicate anything directly to the court).

¶11.　Here, although Miley attacks the victim's credibility, her testimony was not sufficiently discredited to warrant overruling the verdict. Miley reiterated on appeal that "the possibility exists that . . . [K.S.] conducted a deception to accuse Appellant falsely for [her] own purpose." Deception might be a possibility but it is not a probability in this case.

¶12.　There is evidence of difficulties between Miley and the victim not emanating from his sexual activity with her. However, her prior disagreements with him on other matters are not strong indications of falsehood about sexual intercourse with Miley, especially when coupled with the totality of the circumstances, particularly Miley's sexually suggestive ritual of instructing the victim to wear a certain type of garment.

5

*Weight of the Evidence*

¶13. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. **Bush**, 895 So. 2d at 843 (citing **Herring v. State**, 691 So. 2d 948, 957 (Miss. 1997)). On a motion for new trial, "the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." **Bush**, 895 So. 2d at 843 (quoting **Amiker v. Drugs For Less, Inc.**, 796 So. 2d 942, 947 (Miss. 2000)). However, the evidence should be weighed in the light most favorable to the verdict. **Bush**, 895 So. 2d at 843 (citing **Herring**, 691 So. 2d at 957). A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, "unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict." **Bush**, 895 So. 2d at 843 (quoting **McQueen v. State**, 423 So. 2d 800, 803 (Miss. 1982)). Rather, as the "thirteenth juror," we simply disagree with the jury's resolution of the conflicting testimony. **Id.** This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. **Id.** Instead, the proper remedy is to grant a new trial. **Bush**, 895 So. 2d at 843.

¶14. Sitting as a limited "thirteenth juror" in this case, we cannot view the evidence in the light most favorable to the verdict and say that an unconscionable injustice resulted from this jury's rendering of a guilty verdict.

6

¶15. Miley argues that the verdict resulted in an unconscionable injustice. He claims on appeal that there was no proof beyond a reasonable doubt that he committed statutory rape because "[s]eventy-six year old men simply do not have that drive, except in very extraordinary circumstances." However, Miss. Code Ann. § 97-3-65(1)(a) & (6) (Rev. 2000) do not require proof of sexual drive for conviction of statutory rape; mere penetration, regardless of libido, suffices.

¶16. In determining the minimum proof necessary to prove penetration, we turn to *Lang v. State*, 230 Miss. 147, 87 So. 2d 265 (1956), where this Court found that proof of penetration may be established by circumstantial evidence. *Id.* at 158-60, 87 So. 2d at 268-69; *see also Gray v. State*, 728 So. 2d 36, 61 (Miss. 1998) (affirming *Lang*'s stance on proof of penetration). In *Lang*, the twenty-year-old victim was raped by an intruder in her house. Although there was no medical testimony and the victim never said on record the exact, or similar, words that she was raped, the Court affirmed Lang's conviction, holding that (1) a reasonable jury could have deduced through the graphic detail of the victim's story that she was testifying that the accused raped her; (2) the victim identified the accused in court by sight and by an odor distinct to the accused; (3) the police found evidence to corroborate the victim's story that she attempted to disinfect herself afterwards; (4) the victim's wallet, which was taken by the perpetrator or his accomplice, was found near Lang's place of employment; and (5) Lang had no credible alibi. *Lang*, 230 Miss. at 152-57, 87 So. 2d at 266-68.

¶17. In *Wilson v. State*, 606 So. 2d 598 (Miss. 1992), this Court reaffirmed *Lang* and noted that "[a]ctual medical evidence of penetration . . . is not necessary. . . . In the case at hand

7

[as opposed to the testimony in *Lang*,] . . . the prosecutrix did specifically testify that her private parts had been penetrated. . . . The testimony of the prosecutrix as to penetration is sufficient [to prove penetration]." *Id*. at 599. *Wilson* involved a thirteen-year-old girl who had been repeatedly raped by her stepfather. At trial, there was no medical testimony as to penetration. Wilson was convicted of capital rape [Miss. Code Ann. § 97-1-7 (attempted and incomplete rape of one less than fourteen years of age by one older than eighteen years of age)]. We found the following evidence sufficient to sustain Wilson's conviction: the victim's testimony of penetration and the testimony of Wilson's wife that Wilson confessed to her that he had sexual relations with the thirteen year old and that she witnessed Wilson performing sex on the child in the specific incident that later led to trial. While Wilson did give a full confession upon arrest and then later appealed on insufficient evidence, we did not take these facts into consideration when Wilson appealed.

¶18.    In the present case, the evidence consists of (1) testimony from the victim that the accused's penis penetrated her vagina, (2) a history of odd instructions from the accused to the victim to participate in sexual activities (i.e. lying nude except for a white tee shirt), and (3) testimony from the victim's mother as to the similarities of the elements of the rape and the mother's regular sexual encounters with the accused.

¶19.    The case against Lang contained far less evidence than that presented here. The record shows that the prosecution established all of the elements of statutory rape under Miss. Code Ann. § 97-3-65 (1)(a) (Rev. 2000). Thus, the verdict did not result in an unconscionable injustice.

8

¶20. For these reasons, we find that the circuit court did not err in denying Miley's motion for a new trial or J.N.O.V, his request for peremptory instruction, or his motion for directed verdict.

**II. WHETHER THE CIRCUIT COURT ERRED IN ADMITTING EVIDENCE OF PRIOR ACTS OF INTERCOURSE BETWEEN MILEY AND THE VICTIM.**

¶21. Under Rule 403 of the Mississippi Rules of Evidence, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Rule 404(b) of the Mississippi Rules of Evidence dictates that evidence of prior "crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.*" (Emphasis added). *See also Carter v. State*, 450 So. 2d 67, 69 (Miss. 1984).

¶22. Under Rule 105 of the Mississippi Rules of Evidence, when evidence against a party is admissible for one purpose but not for another purpose, the trial court must limit the scope of the evidence and instruct the jury accordingly.

¶23. The evidence of whether Miley had ever before asked K.S. to don a white tee shirt and whether he had ever before had sexual relations with her was inadmissible to directly prove the crime for which he was indicted. However, the circuit court found that the evidence was more probative than prejudicial, would be helpful to the jury in defining the issues (issues

9

such as why the girl would take off all of her clothes though not specifically instructed to do so), and was therefore admissible on the condition that the State not delve into the details of the alleged prior incidents. The circuit court also gave the jury a limiting instruction as to how this evidence should be used.

¶24. The circuit court's ruling met the requirements of Rules 105, 403 and 404(b). There is no abuse of discretion on this issue; and therefore, there is no reason to overrule the circuit court's discretionary decision to admit this evidence of prior acts. ***Brooks v. State***, 242 So. 2d 865, 869 (Miss. 1971) (reaffirming the tenets of Rule 404(b) and stating that in statutory rape cases evidence of prior sexual acts between the accused and the victim is admissible). *See also* ***Hicks v. State***, 441 So. 2d 1359, 1360 (Miss. 1983); ***Speagle v. State***, 390 So. 2d 990, 992 (Miss. 1980); ***Kolb v. State,*** 129 Miss. 834, 835, 93 So. 358, 360 (1922) (stating the relation of the male and female prior to the alleged act may be shown in evidence for the purpose of showing opportunity and otherwise corroborating the testimony of guilt at the time of the act).

## CONCLUSION

¶25. For these reasons, we affirm the trial court's judgment.

¶26. **CONVICTION OF STATUTORY RAPE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., COBB, P.J., DIAZ, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., CONCUR IN RESULT ONLY.**