MYERS, P.J.,
for the Court.
¶ 1. Sparky Darnez Watson was convicted in the Circuit Court of Grenada County of sale of marijuana and sale of cocaine. On appeal, Watson argues that the trial court erred in (1) admitting evidence of another crime and (2) admitting evidence of a “PC buy.” Finding no error, we affirm.
*749 FACTS
¶ 2. On February 19, 2004, Terry Pee-ples, an agent with the Central Mississippi Narcotics Task Force, set out to make an undercover drug buy in Grenada, Mississippi. Agent Peeples enlisted the aid of Brenda Wade, a confidential informant (Cl) he had worked with on more than twenty previous buys. Agent Peeples outfitted the CPs vehicle with undercover surveillance equipment and provided her with task force funds to use in the buy.
¶ 3. Agent Peeples and the Cl then drove to Boone Alley in Grenada, where they encountered Watson. According to Agent Peeples, he “pulled up” to Watson and told him that he wished to purchase some “green,” a street name for marijuana. Watson responded, “Okay,” and got into the backseat of the car. After negotiating a purchase of $20 of marijuana from Watson, Agent Peeples told Watson that he wished to purchase $20 of “hard,” a street name for crack cocaine. Watson responded that he would get the cocaine if Agent Peeples gave him the money and dropped him off at a certain location. Agent Peeples complied, and approximately one and one-half minutes later, Watson returned and handed the Cl a bag containing crack cocaine.
¶ 4. Watson was subsequently indicted for and convicted of one count each of sale of marijuana and sale of cocaine. The trial court sentenced Watson to serve three years for the marijuana sale and twenty years for the cocaine sale, with eight years suspended; the sentences were ordered to run concurrently and all in the custody of the Mississippi Department of Corrections.
DISCUSSION
I. Whether Watson was denied a fair trial by introduction of a crime not charged in the indictment.
¶ 5. Watson’s first assignment of error encompasses two interrelated issues. We shall address each individually.

A. Whether the surveillance videotape contained evidence of an uncharged crime.

¶ 6. Watson argues that the trial court erred in admitting a portion of the surveillance videotape that showed Watson passing a bag to Agent Peeples, who examined it and passed it to the Cl. The sale of cocaine that Watson was charged with occurred approximately ten minutes later, and was not entirely visible on the tape. Watson asserts that this first portion of the videotape was evidence of a separate sale of cocaine, distinct from the sale at issue.
¶ 7. Generally, “[e’Jvidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” M.R.E. 404(b). However, our supreme court has held:
Proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences. Such proof of another crime is also admissible where it is necessary to identify the defendant, where it is material to prove motive, and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge.
Jones v. State, 920 So.2d 465, 474(¶28) (Miss.2006) (citations omitted). Further *750 more, “[t]he State has a legitimate interest in telling a rational and coherent story of what happened.... Where substantially necessary to present to the jury the complete story of the crime, evidence or testimony may be given even though it may reveal or suggest other crimes.” Id. at (¶ 29) (citations and internal quotations omitted).
¶ 8. The trial court, in considering the defense’s motion in limine to exclude that portion of the surveillance videotape, found that it did not amount to evidence of an uncharged sale of cocaine. The trial court did, however, instruct the State not to refer to the bag as containing cocaine, as the contents had not been secured and verified to be cocaine. On appeal, Watson disputes the trial court’s finding that the videotape did not show evidence of an uncharged crime.[1] While Watson concedes that at no point on the videotape are the contents of the bag explicitly identified as cocaine, he argues that this would have been a reasonable inference from the events depicted.
¶ 9. Watson contends that the videotape purported to show him hand a bag to Agent Peeples, who asked whether it was “$120 worth.” Watson then replied that it had been weighed on a scale and verified to be at least that amount, and “some more” had been subsequently added. Watson asserted that the value of the bag was $130, but he would accept $120 for it. Agent Peeples then handed the bag to the Cl, who commented that she had only $40, an amount insufficient to purchase it. Agent Peeples then made a comment about marijuana, and Watson replied that he had “some of that, too.”
¶ 10. “Relevancy and admissibility of evidence are largely within the discretion of the trial court and [an appellate court] will reverse only where that discretion has been abused.” Terrain Enters., Inc. v. Mockbee, 654 So.2d 1122, 1128 (Miss.1995). Watson argues that because the videotape never clearly shows the Cl return the bag to him, it would have appeared to the jury to be a completed sale. Even if we accept Watson’s account of what the videotape showed, we cannot say that the trial court erred in not reaching the same conclusion. The Cl stated that she did not have enough money to purchase the bag, and Agent Peeples testified at trial that he purchased only $20 of cocaine from Watson and that the sale occurred off-camera, later in the transaction.
¶ 11. Furthermore, even if the videotape did show evidence of a crime, such as an attempted sale, it was part of the same transaction or occurrence as the subsequent drug sales Watson was charged with. The full surveillance videotape was not offered to show Watson’s character or that he was acting in conformity with a particular character trait; instead, it was evidence of the very actions for which he was indicted. The videotape shows Watson offering to sell a bag containing what is implied to be cocaine. Agent Peeples and the Cl, however, did not have sufficient funds to effectuate the purchase. This provides context for the subsequent completed sale of a smaller quantity. The trial court did not err in admitting the disputed portion of the surveillance videotape even if it constituted evidence of other crimes.

B. Whether the trial court erred in admitting the videotape under Rule 103.

¶ 12. Watson argues that the trial court erred in admitting the contested por *751 tion of the surveillance videotape because of its potential to mislead the jury. Watson asserts that the jury could have confused the passing of the bag with the later sale with which Watson was charged.
¶ 13. Mississippi Rule of Evidence 403 allows that “even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Miley v. State, 935 So.2d 998, 1003(¶21) (Miss.2006) (citing M.R.E. 403). We again note that “[rjelevancy and admissibility of evidence are largely within the discretion of the trial court and [an appellate court] will reverse only where that discretion has been abused.” Terrain Enters., 654 So.2d at 1128.
¶ 14. While there may have been some possibility of confusion had the videotape been shown to the jury absent any elaboration, Agent Peeples clearly explained on both direct and cross-examination that the sale of cocaine occurred off-camera, later on the videotape. Watson’s attorney, in fact, based his closing argument in part on Agent Peeples’s admission that the cocaine sale was not visible on the surveillance videotape. This assignment of error is without merit.
II. Whether Watson was denied a fair trial by introduction of evidence of a “PC buy” at trial.
¶ 15. Watson argues that the trial court erred in allowing the State to question Agent Peeples on redirect about a “PC buy.”[2] Watson’s attorney submitted into evidence a lab report that indicated two bags of cocaine had been tested under Watson’s case number. One bag contained 0.1 gram of cocaine; another contained 1.1 grams of cocaine. Watson’s attorney then asked Agent Peeples whether this amount of cocaine could have been purchased for only $20, eliciting an admission that the combined street value of the two bags tested would be over $100. On redirect, the State was allowed, over the defense’s objection, to elicit testimony where Agent Peeples explained that the second bag had come from a subsequent “PC buy.” Agent Peeples then explained what a “PC buy” is, in general terms, and explained that the second bag of cocaine had been submitted to the drug lab more than a month after the first. He did not otherwise elaborate on the circumstances surrounding the “PC buy.”
 ¶ 16. Watson argues on appeal that this testimony amounted to evidence of another crime with which he was not charged, again citing Mississippi Rule of Evidence 404(b). However, Watson himself entered the lab report into evidence. A defendant may not, himself, introduce evidence at trial and then assert on appeal that the admission of the evidence constituted reversible error. Hobson v. State, 730 So.2d 20, 24-25(¶ 15) (Miss.1998). Furthermore, “trial courts have broad discretion in allowing or disallowing redirect examination of witnesses and when the defense attorney inquires into a subject on cross-examination of the State’s witness, the prosecutor on redirect is unquestionably entitled to elaborate on the matter.” Manning v. State, 835 So.2d 94, 99-100(¶ 15) (Miss.Ct.App.2002). Since Watson’s attorney elicited the initial testimony about the second bag of cocaine, admitted the lab reports, and used this evidence to raise doubt about the State’s case, the State was entitled to elicit testimony ex *752 plaining the discrepancy. This assignment of error is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF COUNT I, SALE OF MARIJUANA, AND SENTENCE OF THREE YEARS AND COUNT II, SALE OF COCAINE, AND SENTENCE OF TWENTY YEARS, WITH EIGHT YEARS SUSPENDED FOR A PERIOD OF FIVE YEARS AND TWELVE YEARS TO SERVE, WITH THE SENTENCE IN COUNT II TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The trial court observed that "there is nothing in the language in there that anybody could understand that denotes [the bag as containing] cocaine.”

. Agent Peeples explained that a "PC buy” is a drug purchase undertaken by law enforcement to gain probable cause to search a suspected drug house.