GRIFFIS, P.J.,
for the Court:
¶ 1. Nicholas McBride appeals his conviction of statutory rape under Mississippi Code Annotated section 97 — 3—65(l)(b) (Supp.2010). McBride claims that there was insufficient evidence to support the jury’s verdict for two reasons: (1) the State failed to establish his age and the age of the victim; and (2) the State failed to prove that his actions constituted sexual intercourse as defined by statute. We find no error and affirm.
FACTS
¶ 2. In June 2009, thirteen-year-old Lauren[1] and her cousin went to Riant Marshall’s house in Clarksdale, Mississippi. McBride was living with Marshall at the time. Lauren testified that nothing happened the first time she met McBride. But when Lauren went back to the house a second time, she and McBride had sex. Lauren testified that it was her understanding that McBride was nineteen years old. Lauren also testified that when McBride asked about her age, she told him that she was sixteen years old.
¶ 3. Lauren’s mother testified that she took Lauren to a women’s clinic sometime in June or July, because Lauren had experienced excessive bleeding. During this visit, Lauren’s mother learned that Lauren was sexually active. In August, Lauren’s mother contacted the police.
¶ 4. Corporal Kendrick Walker, with the Clarksdale Police Department, investigated the alleged statutory rape. He interviewed McBride. McBride admitted that Lauren had gotten into his bed with him, and they had sex.
¶ 5. At trial, McBride did not dispute that he had told Corporal Walker he had sex with Lauren. However, he claimed that he was nervous during the interview and failed to define what he meant by the term “sex.” He testified that his use of the word “sex” meant that he had only ejaculated on Lauren’s stomach. McBride denied that there had been any penetration.
¶ 6. The jury found McBride guilty of statutory rape. McBride was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with five years to serve and fifteen years suspend *361 ed. McBride was also placed on five years of supervised probation. The circuit court denied McBride’s motion for a judgment notwithstanding the verdict or, alternatively, a new trial.
ANALYSIS

Whether there was sufficient evidence to support McBride’s conviction of statutory rape.

¶ 7. McBride argues that the State presented insufficient evidence of his age, Lauren’s age, and that his actions constituted sexual intercourse as defined by statute. In reviewing a challenge of legal sufficiency, this Court must determine whether any rational juror could have found that the State proved each and every element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). The State must be given the benefit of all reasonable inferences that may be drawn from the evidence. Christian v. State, 859 So.2d 1068, 1071 (¶ 12) (Miss.Ct.App.2003) (citation omitted).

1. Age

¶ 8. McBride claims that the State failed to prove by sufficient evidence that Lauren was under the age of fourteen because the only evidence of Lauren’s age was presented through her own testimony. He also contends that the State failed to prove that he was twenty-four or more months older than Lauren. Again, he claims that Lauren’s testimony alone was not sufficient to establish his age.
¶ 9. Section 97—3—65(l)(b) sets out the following elements that the State must prove for the crime of statutory rape:
(1) The crime of statutory rape is committed when:
[[Image here]]
(b) A person of any age has sexual intercourse with a child who:
(i) Is under the age of fourteen (14) years;
(ii) Is twenty-four (24) or more months younger than the person; and
(iii) Is not the person’s spouse.
The State was required to prove that Lauren was under the age of fourteen and that McBride was twenty-four or more months older than her.
¶ 10. Lauren testified that her birthday was January 30, 1996. This would have made Lauren thirteen years old on the date of the alleged statutory rape. Laura also testified that McBride was nineteen years old at the time:
Q: Did you find out how old he [McBride] was?
A: Yes.
Q: To your understanding, how old was he or was he at that time?
A: 19.
¶ 11. McBride now claims that Lauren did not have actual knowledge of his age; instead, he argues that Lauren heard his age from her cousin, which would make her testimony inadmissible hearsay. Lauren did not testify that someone told her McBride’s age. She stated that, to her understanding, he was nineteen years old. McBride made no objection to her statement of his age. Without a contemporaneous objection as to hearsay, McBride may not present such argument on appeal. Bailey v. State, 960 So.2d 583, 588 (¶ 19) (Miss.Ct.App.2007).
¶ 12. Age may be adequately proven by testimony. Wright v. State, 856 So.2d 341, 344 (¶ 9) (Miss.Ct.App.2003) (citing Taylor v. State, 744 So.2d 306, 319 (¶ 54) (Miss.Ct.App.1999)). Lauren gave uncontradicted testimony about her age and McBride’s age. McBride made no *362 objection regarding either age. See Rogers v. State, 928 So.2d 831, 835 (¶ 14) (Miss.2006). It was then the jury’s province to determine the credibility of Lauren’s testimony. Verner v. State, 812 So.2d 1147, 1150 (¶ 7) (Miss.Ct.App.2002).
¶ 13. The jury found that Lauren’s testimony was credible evidence that she was under fourteen years of age and that McBride was twenty-four or more months older than her at the time the two had sexual intercourse. This issue has no merit.

2. Sexual Intercourse

¶ 14. McBride also contends that the State failed to prove that he had sexual intercourse with Lauren as that term is defined in section 97-3-65(6), i.e. penetration. The statute states the following:
For the purposes of this section, “sexual intercourse” shall mean a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female or the penetration of the sexual organs of a male or female human being in which the penis or an object is inserted into the genitals, anus or perineum of a male or female.
Miss.Code Ann. § 97-3-65(6) (Supp.2010).
¶ 15. First, McBride claims that, although he admitted that he “had sex” with Lauren, he did not mean that penetration occurred. He testified that he used the term “sex” to mean that he ejaculated onto her stomach. He claimed to have been too nervous during the investigation to explain himself to Corporal Walker. Conversely, Lauren testified that McBride penetrated her vagina with his penis. It was properly left to the jury to weigh the credibility of Lauren’s testimony against McBride’s alternate definition of the term “sex.” And Lauren’s testimony alone, as the victim of a sex crime, was sufficient to support a guilty verdict where her testimony was not discredited or contradicted by other credible evidence. Miley v. State, 935 So.2d 998, 1001 (¶ 10) (Miss.2006).
¶ 16. Second, McBride argues that he could not have penetrated Lauren because she had gonorrhea and he did not. At trial, Lauren testified that she tested positive for gonorrhea in August 2009. McBride testified that he had never had gonorrhea. There was no medical evidence presented to support McBride’s claim. This was further evidence for the jury to consider when it determined whose story to believe. McBride’s claim that he has never had gonorrhea does not mean that there was insufficient evidence for the jury to conclude that he had sexual intercourse with Lauren.
¶ 17. Viewing the evidence in the light most favorable to the State, we find that sufficient evidence existed to support the jury’s verdict. Therefore, we find no merit to McBride’s appeal and affirm the circuit court’s judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS TO SERVE, FIFTEEN YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. A fictitious name is used to protect the identity of the victim.